IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| JERRY ONHISER, | ) ) | CASE NO. 05-39168-H3-13 |
| Debtor, | ) ) ) | |

MEMORANDUM OPINION

The court has considered the "Motion to Vacate Unopposed Order Lifting Stay" (Docket No. 28) filed by Jerry Onhiser.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate judgment will be entered vacating the "Unopposed Order Lifting Automatic Stay" (Docket No. 24) and setting a final hearing on the Motion of Associated Credit Union of Texas for Relief from Automatic Stay (Docket No. 13).  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Jerry Onhiser ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 10, 2005.

On July 8, 2005, Debtor filed a Chapter 13 plan.  The plan provides for Debtor to pay $325 per month for 57 months, commencing July 25, 2005.  After deducting ten percent, for the

Chapter 13 Trustee's compensation and expense fund, the total of $16,672.50 was directed to be paid:  $13,747.71 on the secured claim of Associated Credit Union of Texas ("ACU"), $1,800 to Debtor's counsel, and the remainder of $1,124.79 to be distributed pro rata to holders of unsecured claims.  (Docket No. 8).

On August 12, 2005, ACU filed a motion for relief from stay, with respect to a 2002 Indian Roadmaster motorcycle.  ACU sought lifting of the stay for cause, alleging Debtor's failure to maintain insurance, failure of Debtor's plan to provide adequate protection for the depreciation of the motorcycle over the duration of the plan, and alleging that Debtor lacks equity in the motorcycle and that the motorcycle is not necessary for an effective reorganization (Docket No. 13).  Debtor denied the material allegations in the motion (Docket No. 17).

ACU's motion for relief from stay was scheduled for a preliminary hearing on September 21, 2005, and was continued to a final hearing on October 5, 2005.  On October 13, 2005, an unopposed order was entered granting ACU's motion.  (Docket No. 24).

In the instant motion, Debtor seeks vacatur of the unopposed order lifting stay.  Debtor received a letter from his counsel with respect to ACU's motion for relief, which states in pertinent part:  "Your hearing is reset for October 5, 2005 at

2

10:30 AM.  You need to bring the motorcycle by the credit union for them to look at it."  Debtor testified that he contacted his counsel's office, to determine whether he was required to appear in court or at ACU's office.  He testified he was mistakenly instructed, by an employee in the office of his counsel, to appear at ACU's office to permit inspection of the motorcycle, rather than at court, at the time when ACU's motion for relief was set.  He testified that ACU's personnel were surprised to see him.  He testified that, immediately after ACU's personnel inspected the motorcycle, he contacted his counsel's office.  He testified that, by the time he contacted his counsel's office, the time set for the final hearing had passed.  Counsel for Debtor appeared at the hearing, and announced, because of Debtor's failure to appear, that she had no basis to oppose the relief.

Conclusions of Law

Bankruptcy Rule 9024 makes Rule 60 of the Federal Rules of Civil Procedure applicable to the instant motion.  Under Rule 60(b), Fed. R. Civ. P., the court may grant relief from a judgment for, inter alia, excusable neglect.

In Pioneer Investment Services Co. v. Brunswick Assoc. L.P., 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court held that, in determining whether neglect was excusable, the court should consider (1) the danger of prejudice

to the nonmovant, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

In the instant case, Debtor's failure to appear and defend ACU's motion for relief was a result of excusable neglect. Debtor attempted to be in attendance at the time when his motion for relief was set. However, because of the incorrect information he was given by his counsel, he did not appear.

The court notes that the plan, in the form initially proposed by Debtor, appears not to provide adequate protection to ACU of its interest in the motorcycle. However, the court does not reach the motion for relief on the merits at this time, and does not address the question of whether the amended plan, filed November 5, 2005, provides adequate protection.

Based on the foregoing, a separate Judgment will be entered vacating the "Unopposed Order Lifting Automatic Stay" (Docket No. 24) and setting a final hearing on the Motion of Associated Credit Union of Texas for Relief from Automatic Stay (Docket No. 13).

Signed at Houston, Texas on November 21, 2005.

HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE